The relief described hereinbelow is SO ORDERED.

Signed September 07, 2010.



_____
Ronald B. King
United States Chief Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| IN RE: | § | |
|---|---|---|
| | § | |
| WM PROPERTIES, LTD. | § | CASE NO. 10-60918-RBK |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| | § | |

**AGREED ORDER AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL**

Pacific Mercantile Bancorp ("Lender") filed its Motion to Prohibit Usage of Cash Collateral (the "Motion") on August 12, 2010 to prohibit WM Properties, Ltd, debtor-in-possession ("Debtor") from using its cash collateral or, in the alternative, require adequate protection and restrict the Debtor's expenditures to a mutually acceptable budget. An emergency hearing was held on August 31, 2010 (the "Interim Hearing"). Upon review of the Motion and all relevant pleadings filed with this Court, the relief requested therein and the evidence and representations adduced at the interim hearing, this Court makes the following findings of fact and conclusions of law:

1

1. The Debtor is unable to pay the reasonable expenses of its ongoing operations without permission for use of collateral and cash collateral in which security interests and liens are claimed by Lender.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(M) and 1334.

3. Lender served notice by United States mail, facsimile, or overnight delivery, prior to this hearing on the Debtor, the United States Trustee, and the Debtor's twenty largest unsecured creditors. Notice of the Motion and opportunity for hearing were adequate and appropriate under the circumstances of this case.

4. The terms and conditions for the Debtor to provide adequate protection to Lender are proposed in good faith.

5. The operating expenses proposed to be paid by the debtor for the period from September 1, 2010 to September 30, 2010, as described in the September 2010 budget attached hereto (the "Budget"), are necessary to prevent irreparable injury, loss, or damage to the Debtor's estate on an interim basis pending a final determination on the Debtor's right to use cash collateral beyond the budgeted period upon notice to creditors.

6. The proposed form of this Order submitted by the Debtor complies with the Local Bankruptcy Rules for the Untied States Bankruptcy Court for the Western District of Texas, except as described in the Motion and the disclosures of counsel at the hearing on the Motion.

7. Lender claims a first priority security interest in certain assets of the Debtor including Debtor's real property known as 702 Fort Hood Street, Killeen, Texas and the buildings, improvements and fixtures thereon, and all rents and revenues generated therefrom as well as revenues, proceeds, and other cash equivalents generated from the Debtor's operations

whether held by the Debtor or other third parties. No admission has been made by the Debtor or the Lender, and no determination is made by this Court, as to the validity, priority, amount, allowance, extent, or voidability of the security interest or claims.

IT IS HEREBY ORDERED that, conditioned on Debtor providing proof of casualty and liability insurance copied to the Lender and to the U.S. Trustee, the following terms shall apply.

1. Automatic Stay and Use of Cash Collateral.

a. Authorization. Subject to this Order, the Debtor is hereby authorized under 11 U.S.C. § 363(a), (c)(1), and (c)(2) to use Lender's collateral and cash collateral to the extent necessary to fund the Budget for the period beginning September 1, 2010 and through and including September 30, 2010. Except as herein provided, the automatic stay of Bankruptcy Code § 362(a) shall continue in effect until further modified or terminated by the Court.

b. Adequate Protection Obligations. The Debtor is hereby authorized and ordered to protect Lender under 11 U.S.C. §§ 361 and 363, as set forth in this Order, for the Debtor's post-petition use and consumption of Lender's "Pre-Petition Collateral" (as defined in Paragraph 6.a. hereof), the continuation of the automatic stay against Lender's collection, sale or realization upon its Pre-Petition Collateral, and for the post-petition diminution in value of Lender's Pre-Petition Collateral (collectively, the "Adequate Protection Obligations").

c. Prohibited Transactions. The Debtor shall not, except as set forth herein or except upon notice and opportunity for hearing to Lender: (a) enter into transactions for the sale out of the ordinary course of business of any property in which Lender claims a lien; (b) obtain credit under 11 U.S.C. § 364 (c) or (d); or (c) grant any liens or priorities on a parity with or senior to Lender's priorities under Paragraph 6 and 7 hereof; or (d) enter into any settlement of receivables or claims without Lender's express prior written consent.

d.  Use of Cash.  The Debtor is authorized to use the following cash through September 30, 2010 solely in accordance and compliance with the Budget:

    i.  All funds held by the Debtor on the Petition Date; and

    ii.  All receipts, receivables, and collections received or to be received on or after the Petition Date; provided that Debtor shall account to Lender for all such receipts.

e.  Accounting and Information.  The Debtor shall provide an accounting to Lender and any official committee of unsecured creditors, if any, (the "Committee") once every month (through the monthly operating report ("MOR")) of the Debtor's cash position.  The Debtor shall provide information and reasonable access to the books and records of Debtor and to Lender and the Committee and their professionals.  Such information shall be provided within four (4) business days of Lender's request to Debtor's counsel.

2.  Cash Collections and Deposits.

a.  Cash Collateral Accounts.  The Debtor has closed all of its pre-petition deposit accounts and has opened a new post-petition deposit account (or accounts).  For the avoidance of doubt, Lender's replacement lien granted under Paragraph 6.d shall extend to all of the Debtor's deposit accounts and all monies therein to secure the Debtor's Adequate Protection Obligations.  All of the deposit accounts described in this Paragraph 2.a shall be referred to as the "Accounts."

b.  Deposits.  If the Debtor receives any cash, checks, wires, direct deposits or other payments, which are collections, income, proceeds, products, rents or profits of Lender's Pre-Petition Collateral or Post-Petition Collateral (as defined in Paragraph 6.d hereof), the Debtor shall deposit the same in the Accounts within two banking days after receipt.

3.  Continued Operations.

a. <u>Budget</u>. The Debtor is authorized to use cash collateral to fund the expenses set forth on the Budget on the condition that all such expenditures and all post-petition expenses which accrued during the Budget period are consistent with the Budget. Receipts and expenditures or accruals may not vary more than ten percent (10%) more than any single line items in the Budget (so long as total disbursements and accruals do not exceed the amounts set forth in the Budget plus 5% variance) without the prior written consent of Lender or prior Court order after notice and opportunity for hearing.

b. <u>Pre-Petition Debt</u>. Nothing herein permits Debtor to pay indebtedness or transfer property to vendors, contractors, customers, or other persons whose debt may have been incurred pre-petition. All parties reserve all rights and claims with respect to such indebtedness and property. Debtor shall not, without prior order of the Court upon notice to Lender, enter into any agreement to permit reclamation of goods, or return any inventory to any creditors for application against pre-petition indebtedness (under Section 546 of the Bankruptcy Code or otherwise), or consent to any creditor taking any setoff or recoupment against any of its pre-petition indebtedness based upon any such return, pursuant to Section 553(b)(1) of the Bankruptcy Code or otherwise.

4. <u>Professional Fees and Administrative Expenses</u>.

a. <u>No Authorization</u>. Nothing in this Order (i) shall excuse any person from complying with the Bankruptcy Code and Bankruptcy Rules, and the Bankruptcy Local Rules of this Court and the guidelines of the United States Trustee with respect to applications for professional compensation and reimbursement of expenses, or (ii) shall be deemed to authorize or approve the receipt or payment of any retainer, advance fee, or compensation to any other professional employed by the Debtor. Debtor shall not pay any fees or expenses to any attorney,

accountant, consultant, advisor, broker, manager, or other professional governed by 11 U.S.C. §§ 328 through 331 except upon further order of this Court after notice and opportunity for hearing to Lender, the U.S. Trustee, and the Committee.

b. <u>Matters Reserved</u>. This Order does not authorize the use or retention by Debtor or any professional of funds which Lender may claim to be Pre-Petition Collateral delivered pre-petition to any professional firm or deposited pre-petition into any professional firm's deposit account or trust account, and the Court makes no determination of the rights to possession thereof and/or liens thereon.

5. <u>Adequate Protection Payments</u>.

a. <u>Loan Payments and Fees</u>. Lender shall be entitled to deposit the following three payments delivered by the Debtor on or about August 30, 2010 on account of payments due during the months of June, July and August 2010: (i) $1,843,29 (June 2010), (ii) $1,348,75 (July 2010), and (iii) $1,393.76 (August 2010). In addition, Lender shall, on a going forward basis, be entitled to payment of and shall be paid monthly payments as specified under the Promissory Note dated May 4, 2010 (as amended, restated, or otherwise modified, and together with any related documents, the "Loan Documents"), which requires that payments be made by the 23rd date of each month.

b. <u>Application of Payments, Reservation of Rights</u>. Any payment to Lender or application of payments by Lender is for administrative convenience only, and shall not bind any person under 11 U.S.C. § 506(a) or Chapter 5 of Title 11 of the United States Bankruptcy Code. Nothing in this Order shall prejudice the right of Lender, the Debtor, the Committee or any party in interest concerning the validity, priority, extent, or allowance of Lender's claims, liens, collateral valuation, or the application of monies to principal, interest or fees claimed by Lender.

6. Grant of Liens for Adequate Protection.

a. <u>Pre-Petition Collateral</u>. "Pre-Petition Collateral" means all of (i) the Debtor's interest in any property which is granted to Lender under the agreements and documents executed by the Debtor pre-petition, to the extent that Debtor's interest therein was acquired by Debtor prior to the Petition Date, and (ii) as to which Lender's liens and security interests are perfected, valid, and not avoidable, and (iii) the proceeds, products, rents, fees, charges, accounts, payments for use or occupancy or profits thereof acquired after the Petition Date, to the extent consistent with 11 U.S.C. § 552(b).

b. <u>Preservation of Lien on Pre-Petition Collateral</u>. To the extent Lender's claims are allowed, perfected, not avoidable, and secured under 11 U.S.C. § 506(a) by Pre-Petition Collateral, Lender shall remain entitled to the priority of its lien and security interest in the Pre-Petition Collateral.

c. <u>Post-Petition Collateral</u>. "Post-Petition Collateral" shall mean the Debtor's interest in property which (i) first arises, is purchased, or acquired, or exists after the Petition Date, and (ii) is not Lender's Pre-Petition Collateral or the proceeds, products, rents or profits thereof under 11 U.S.C. § 552(b).

d. <u>Grant of Lien as Adequate Protection</u>. To secure the Debtor's Adequate Protection Obligations under this order and under Bankruptcy Code §§ 361(2), 362(d), and 363(e), Lender is hereby granted a lien upon all of the Pre-Petition Collateral, all of the Post-Petition Collateral, and all of the Accounts (as defined in Paragraph 2.a hereof) in the same order of priority which existed pre-petition.

  i.  The grant of such lien is subject to the reservations of rights set forth in Paragraphs 7.b. and 12 hereof, the exclusions of Paragraph 6.e, and the Carve Out Expenses in Paragraph 6.f hereof.

  ii.  The Lender's lien on Post-Petition Collateral shall have the priority of 11 U.S.C. §364(c)(2) and (c)(3).

 e. <u>Exclusions</u>.  Lender's Post-Petition Collateral excludes: (i) any claim for relief arising under Bankruptcy Code § 506(c), (ii) all causes of action and bankruptcy avoidance powers enumerated in Chapter 5 of title 11, and (iii) any proceeds thereof.

 f. <u>Carve-Out Expenses</u>.  The lien on Post-Petition Collateral is subordinated to the following "Carve-Out Expenses":

  i.  fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6).

 g. <u>No Cross-Collateralization</u>.  Nothing in this Order shall be deemed to grant to Lender a lien on Post-Petition Collateral for the purpose of securing indebtedness to Lender which first arose before the Petition Date, except Debtor's Adequate Protection Obligations.

 h. <u>Perfection of Security Interests</u>.  All liens granted or to be granted to Lender on the Post-Petition Collateral are deemed perfected and no further notice, filing, recording, control agreement, bailment arrangement, or order shall be required to effect such perfection under other State or Federal law.  This Order shall be deemed sufficient and conclusive evidence of the Liens granted hereunder.

 i. <u>No Surcharge</u>.  Except for the Carve-Out Expenses, (a) nothing contained in this Order shall be deemed a consent by Lender to any lien, charge, assessment or claim against the Pre-Petition Collateral under 11 U.S.C. § 506 of the Bankruptcy Code, or otherwise, and (b) no

expense of administration shall be imposed against Lender's Pre-Petition Collateral pursuant to § 506(c) of the Bankruptcy Code or otherwise, for an expense incurred or paid during the period in which Lender's Pre- Petition Collateral is authorized to be used by the Debtor.

7. <u>Grant of Priority Claim to Lenders</u>.

a. <u>Priority Claim</u>. Nothing in this Order shall be deemed a finding with respect to adequate protection (as that term is described in § 361 of the Bankruptcy Code), of the interest of Lender in the Pre-Petition Collateral.

8. <u>Bankruptcy Trustee and Carve-Out</u>. The priority of the Debtor's Adequate Protection Obligations to Lender as described herein shall continue notwithstanding the appointment of a Chapter 11 Trustee or (subject to 11 U.S.C. §§ 726 and 507(b) or other applicable law), the conversion of this case to a case under Chapter 7 of the Bankruptcy Code; provided that any priority claim allowable to Lender under Paragraph 7.a of this Order is subordinated to the Carve Out Expenses described in Paragraph 6.f hereof.

8. <u>Termination</u>.

a. <u>Termination Date</u>. The Debtor's right to continue use of Lender's Pre-Petition Collateral or Post-Petition Collateral shall terminate upon the first to occur of the following dates (the "Termination Date"): (i) the effective date of any confirmed Chapter 11 Plan in this case, or the conversion of this case to a case under Chapter 7 of the Bankruptcy Code, or the appointment of a trustee or an examiner in this case; (ii) the filing of a motion seeking approval of a sale of all or a substantial part of the stock or assets of the Debtor, or the merger or business combination of the Debtor, without Lender's prior written consent; or (iii) this Order is terminated or modified by order of this Court. The Debtor shall provide to the Lender and its counsel notice of any material change to the Debtor's operations (including a detailed description of the material

change and the Debtor's intentions to address the same) not later than four (4) business days from its occurrence.

      b.      <u>Remedies for Lender</u>.  Upon (i) the Termination Date, or (ii) Lender's reasonably concluding that it is not adequately protected or that the Debtor is suffering continued losses, then Lender may notify the Debtor, the U.S. Trustee and the Committee that Lender is objecting to use of cash collateral.  Upon sending of such notice by facsimile, Lender may file an emergency motion for adequate protection or for relief from the automatic stay or other relief, and may set such motion for expedited hearing (subject to the Court's calendar) upon not less than four (4) business days notice to the Debtor, the U.S. Trustee and the Committee.  Nothing herein shall prohibit either Lender from seeking to terminate the automatic stay, voting against any plan of reorganization of the Debtor by seeking other appropriate relief which it, in its sole and absolute discretion, may wish to pursue.

      c.      <u>Debtor's Motion</u>.  To the extent Lender objects to continued use of cash collateral under paragraph 9.b, the Debtor shall have the right to move this Court notwithstanding Lender's objections, for an order pursuant to Bankruptcy Code § 363(c)(2)(B) authorizing the continued use of cash collateral, and the Debtor's motion may be set for expedited hearing (subject to the Court's calendar), upon not less than two (2) days notice to Lender, the U.S. Trustee, and the Committee.

      9.      <u>Successors and Assigns</u>. The provisions of this Order shall be binding upon the Debtor, Lender and their respective successors and assigns, including any trustee or representative of the estate hereafter appointed or elected in this Chapter 11 case or in any subsequent Chapter 7 case.

10. <u>Continuing Effect</u>.  If all or any of the provisions of this Order are hereafter modified, vacated, or stayed by subsequent order of this Court or any other court, or on appeal, such stay, modification, or vacation shall not affect (i) the validity or priority of any obligations owed to Lender by the Debtor incurred prior thereto, or (ii) the validity, enforceability, or priority of any lien or priority of Lender with respect to the Debtor's Adequate Protection Obligations.  Any Adequate Protection Obligations of Debtor arising prior to the effective date of such stay, modification, or vacation, shall be governed by the original provisions of this Order.

11. <u>Service of Pleadings</u>.  Debtor shall serve a copy of all pleadings or reports, including monthly operating reports, heretofore or hereafter filed with the Court concurrently with the filing by Debtor, on the U.S. Trustee, the Committee (if any), Lender, and their counsel.

12. <u>Reservation of Rights</u>.  The Debtor, Lender and all parties in interest shall be deemed to reserve their respective rights and remedies under pre-petition agreements, and other applicable law.  Nothing in this Order shall be deemed to prejudice, waive, or release the rights and remedies of the Debtor, or any party in interest arising under the Bankruptcy Code or other applicable law, including any avoidance actions and defenses thereto.  Any adequate protection payments, priorities, liens, or other matters provided for under this Order shall not constitute an admission or determination that Lender is oversecured or undersecured.

13. <u>Status Conference</u>.  A status conference shall be held on September 14, 2010 at 2:30 p.m. Central time (the "Status Conference") to inform the Court of the Debtor's progress in locating substitute counsel and to confirm the Debtor's furnishing the Lender and the U.S. Trustee with evidence of insurance.

14. <u>Continued Hearing, Service and Notice</u>.

a. Pursuant to Bankruptcy Rule 4001, there shall be a further interim hearing on the Debtor's continued use of cash collateral, any objection thereto, any request for adequate protection, or any motion by the Debtor or Lender for approval of any agreement or stipulation to use cash collateral under 11 U.S.C. § 363 or to obtain credit under 11 U.S.C. § 364, and on any related motion which may be filed regarding cash collateral, adequate protection, or credit on September 29, 2010, at 10:00 a.m. Central time (the "Further Interim Hearing").

b. Debtor is responsible for notice.

c. Prior to the Further Interim Hearing, the Debtor and the Lender shall confer about the Debtor's proposed budget for the period after the Further Interim Hearing. No later than nine days before the Further Interim Hearing (or such later date as the Debtor and the Lender shall agree), the Debtor shall file with the Court a revised budget for the months of October and November 2010 (the "Extended Budget"), and shall indicate to the Court whether the Extended Budget has been approved by Lender. The Extended Budget shall, among other things, (a) identify proposed use of Cash Collateral on a monthly basis, and (b) identify cash expenditures on the date when such expenditures come due (i.e., items like payments to utilities or for insurance should be listed on the dates when those items come due rather than as flat weekly or monthly amounts). Lender may file any objection to further use of cash collateral or the Extended Budget up to five days before the Further Interim Hearing.

d. Motions supporting use of cash collateral and Objections to the relief sought at the Further Interim Hearing that already have been filed need not be refiled. To the extent all filed objections have been resolved by agreement of the parties, the Debtor may file a certificate of no objection prior to the Further Interim Hearing, and a separate further Interim Order may be presented by the Debtor and entered by this Court.

15. <u>Waiver of the fourteen (14) Day Stay Under Bankruptcy Rule 6004(h)</u>. The fourteen (14) day stay provisions of Bankruptcy Rule 6004(h) are waived and shall not apply to this Order.

16. <u>Retention of Jurisdiction</u>. This Court has and shall retain jurisdiction to enforce this Order according to its respective terms.

17. Notwithstanding anything contained in this Order, the Lender reserves all rights to assert claims for interest at the default rate, any fees, charges or expenses allowable under any agreements with the Debtor or under applicable law, and to assert any claim as an administrative priority or super-priority claim as provided under the Bankruptcy Code.

# # #

Order prepared and submitted by:

Patricia B. Tomasco
State Bar No. 01797600
MUNSCH HARDT KOPF & HARR, P.C.
401 Congress Avenue, Suite 3050
Austin, Texas 78701
Telephone: (512) 391-6100
Facsimile: (512) 391-6149
Email: ptomasco@munsch.com

ATTORNEYS FOR PACIFIC MERCANTILE BANCORP